UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH SYRKETT,
      Petitioner

v.

UNITED STATES OF AMERICA,
      Respondent

: CIVIL NO. 4:CV-05-1761

: (Judge McClure)

FILED
WILLIAMSPORT, PA
AUG 3 1 2005
MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

## MEMORANDUM AND ORDER

August 31, 2005

**Background**

Kenneth Syrkett ("Petitioner"), an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as sole Respondent is the United States of America. The required filing fee has not been paid and the petition is not accompanied by an in forma pauperis application.

Petitioner states that he was convicted of possession of cocaine base with intent to distribute (Count One); using and carrying a firearm during and in relation to a

1

drug trafficking crime (Count Two); and being a felon in possession of a firearm (Count Three) following a jury trial in the United States District Court for the Eastern District of Pennsylvania. The conviction and sentence with respect to Counts One and Three was affirmed on direct appeal to the United States Court of Appeals for the Third Circuit. Following the Third Circuit's remand of Count Two, that portion of Petitioner's conviction was vacated by the trial court on February 13, 1997. In addition, Petitioner was resentenced to an aggregate 264 month term of imprisonment.

A review of the petition and attached docket sheet establishes that Syrkett has previously sought collateral relief in unsuccessful motions filed pursuant to 28 U.S.C. § 2255. According to the Petitioner, one of his § 2255 motions included his present claim of ineffective assistance of counsel. See Record document no. 1, ¶ 12. An appeal taken from the denial of his original § 2255 motion was subsequently denied by the Third Circuit. The Third Circuit thereafter denied Syrkett's application for leave to file a second or successive § 2255 petition. This petition seeking an award of federal habeas corpus relief was initiated on August 30, 2005.

In his present action, Syrkett contends that: (1) the manner of execution of his sentence is illegal;[1] (2) his conviction was based on evidence seized from an illegal

---

[1] In this claim Petitioner asserts that the Commonwealth of Pennsylvania erred by requiring him to complete service of his Pennsylvania state sentence before turning him over for service of his federal sentence. Since this claim does not challenge
(continued...)

2

search and seizure; (3) the trial court erred in its fact finding; (4) trial counsel provided ineffective assistance; and (5) government misconduct.[2] See id. at ¶ 9. The Petitioner also contends that his § 2255 remedy is inadequate or ineffective. He adds that his present habeas petition should be entertained in order to prevent a miscarriage of justice.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously

---

[1](...continued)
the legality of his federal conviction and sentence, or the computation of his sentence by federal officials it should be asserted in a petition filed pursuant to 28 U.S.C. § 2254.

[2] It appears that Syrkett is alleging that police officers gave perjured testimony regarding the search and seizure.

3

lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added). 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343 (1974); Hill v. United States, 368 U.S. 424, 427 (1962); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir 1997); Application of Galante, 437, F.2d 1164, 1165 (3rd Cir. 1971). In his instant action, Syrkett is clearly challenging the legality of his federal criminal guilty plea and sentence which occurred in the Eastern District of Pennsylvania.

In ruling on the issue of inadequate or ineffective, the appellate courts have instructed that a collateral relief motion is inadequate or ineffective only where it is

established that some limitation of scope or procedure would prevent the collateral remedy from affording the prisoner a full hearing and adjudication of his claim of wrongful detention. See Galante, 437 F.2d at 1165 (3d Cir. 1971)(quoting United States ex rel. Leguillou v. Davis, 212 F. 2d 681, 684 (3d Cir. 1954)). It has also been established that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir 1966).

Furthermore, prior unsuccessful collateral relief motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the motion remedy is inadequate and ineffective. Tripati v. Herman, 843 F.2d 1169, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F. 2d 395, 396 (3d Cir. 1966)(per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative ...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986). The United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 462 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a collateral relief remedy inadequate and ineffective. The legislative limitations placed on collateral relief proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil,119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Petitioner admits that he asserted his claim of ineffective assistance of counsel in a prior unsuccessful § 2255 proceeding. Consequently, since that claim was apparently already addressed in a § 2255 proceeding, it is barred from reconsideration by this Court under the standards announced in <u>Tripati</u> and <u>Strollo</u>.

Furthermore, none of Syrkett's present arguments fall within the narrow exception created by <u>Dorsainvil</u> and <u>Triestman</u>. Specifically, there is no allegation by Syrkett that his claims are based on any newly discovered evidence. Likewise, there is no contention that they are being raised pursuant to any new intervening substantive rule of criminal law which can apply retroactively to cases on collateral review.

Unlike <u>Dorsainvil</u>, Petitioner's claims are also not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Fundamental to <u>Dorsainvil</u> was the fact that the petitioner may actually be innocent of the crime charged. In this case, Syrkett's claims are based on search and seizure issues. It is clear that the claims for relief pending before this Court have nothing to do with the actual question of Petitioner's guilt. Syrkett has also not presented any facts to show that the denial of his habeas action would raise serious constitutional issues.

Consequently, since Syrkett has not otherwise established that his remedy under § 2255 is inadequate or ineffective under the standards announced in Dorsainvil and Triestman, his petition for writ of habeas corpus will be dismissed without prejudice. Petitioner, if he so chooses, may reassert his present claims through an application seeking leave to file a second or successive § 2255 motion. Consequently,

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner is granted in forma pauperis status for the sole purpose of the filing of this action.

2. The petition for writ of habeas corpus is dismissed without prejudice.

3. The Clerk of Court is directed to close this case.

4. There is no basis for the issuance of a Certificate of Appealability.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge